UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIYAO JIANG,

                    Plaintiff,

          -against-

888 BOOTH MEMORIAL LAUNDROMAT, et al.

                    Defendants.

26-CV-1076 (LTS)

ORDER DENYING LEAVE TO FILE AND
ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ziyao Jiang, who is proceeding *pro se*, brings new civil actions, in which he has not paid the $405.00 in fees or submitted applications to proceed *in forma pauperis* ("IFP"). On June 9, 2025, the Court barred Plaintiff from filing any new civil action IFP without first obtaining from the court leave to file. *See Jiang v. North Shore Univ. Hosp.*, No. 25-CV-3814 (LTS) (S.D.N.Y. June 11, 2025) (dismissing 15 other actions brought by Plaintiff in the Southern District of New York); *see also Jiang v. Cent. Gov. of P.R. China*, No. 25-CV-4237 (LTS) (S.D.N.Y. June 26, 2025) (dismissed under the June 9, 2025 bar order); *Jiang v. Xiang Ning Clinic*, No. 25-CV-3877 (LTS) (S.D.N.Y. June 16, 2025) (same); *Jiang v. Berkheimer Tax Innovations*, No. 25-CV-3878 (LTS) (S.D.N.Y. June 16, 2026) (same); *Jiang v. St. Jude Children's Research Hosp.*, No. 25-CV-3881 (LTS) (S.D.N.Y. June 16, 2025) (same).

For the reasons set forth in this order, the Court dismisses this action and directs Plaintiff to show cause why the Court should not impose additional filing restrictions, as described below.

## DISCUSSION

Commencing this year, after the Court imposed the above-referenced injunction, Plaintiff submitted by email 12 new civil actions, all of which were dismissed under the June 9, 2025 bar order. *See Jiang v. New Franklin Adult Day Health Care Ctr.*, No. 26-CV-0924 (LTS) (S.D.N.Y. Feb. 18, 2026) (dismissed under June 9, 2026 bar order); *Jiang v. UTF Trucking Inc.*, No. 26-CV-

0927 (LTS) (S.D.N.Y. Feb. 18, 2026) (same); *Jiang v. Sealand Sec. Co., LTD*, No. 26-CV-0639 (LTS) (S.D.N.Y. Feb. 17, 2026) (same); *Jiang v. Happy Dragon Children Learning Ctr.*, No. 26-CV-0923 (LTS) (S.D.N.Y. Feb. 13, 2026) (same); *Jiang v. Castlerock 2023 LLC*, No. 26-CV-0488 (LTS) (S.D.N.Y. Feb. 13, 2026) (same); *Jiang v. Dentaquest*, No. 26-CV-0920 (LTS) (S.D.N.Y. Feb. 12, 2026) (same); *Jiang v. Royal Express Line Corp*, No. 26-CV-0926 (LTS) (S.D.N.Y. Feb. 12, 2026) (same); *Jiang v. Picea*, No. 25-CV-10748 (LTS) (S.D.N.Y. Feb. 12, 2026) (same); *Jiang v. De*, No. 26-CV-0936 (LTS) (S.D.N.Y. Feb. 10, 2026) (same); *Jiang v. Veo Inc.*, No. 26-CV-0919 (LTS) (S.D.N.Y. Feb. 9, 2026) (same); *Jiang v. Feng*, No. 26-CV-0921 (LTS) (S.D.N.Y. Feb. 9, 2026) (same); *Jiang v. Wei Fong, LLC*, No. 26-CV-0922 (LTS) (S.D.N.Y. Feb. 5, 2026) (same).

Early this month, Plaintiff submitted, by email, 18 one-page complaints but did not submit an IFP application for any of these submissions. The Clerk of Court opened the 18 submissions as one new civil action and assigned it the docket number for this case, 26-CV-1076.

The Court assumes for the purposes of this order that Plaintiff seeks to proceed IFP in this new action and dismisses the action without prejudice in light of Plaintiff's failure to comply with the June 9, 2025 order.[1]

In addition, as discussed below, because of Plaintiff's continuing pattern of filing frivolous and vexatious litigation, the Court directs Plaintiff to show cause, within 10 days of the date of this order, why the Court should not impose additional filing restrictions.

---

[1] When *pro se* parties submit a new civil action by email, the party is informed that payment must be made within 30 days of the date the case is assigned a docket number. That 30-day period does not apply here because Plaintiff does not pay the fees to bring his actions. Although theoretically he could pay the fees in this action, the Court relies on its knowledge of his past practice to conclude that he should not be afforded 30 days to pay the fees in this action.

2

**ORDER TO SHOW CAUSE**

A court's power to restrict the litigation of abusive and vexatious litigants "is an ancient one which has been codified in the All Writs [Act]." *Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (internal quotation marks omitted) and citing the All Writs Act, 28 U.S.C. § 1651(a)). This power allows "courts [to] resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993). For example, the Supreme Court has prohibited vexatious litigants from proceeding IFP in petitions for writs of *certiorari* and extraordinary writs in civil actions, *id.* at 228 (collecting cases); several Courts of Appeals have "excepted vexatious litigants from the normal availability of [IFP] status in civil cases, *id.* (collecting cases); and "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases," *id.* (collecting cases).

No matter the severity of the proposed filing restriction, "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions.") (internal quotation marks and citation omitted).

Because of Plaintiff's history of frivolous and vexatious litigation, on June 9, 2025, the Court imposed "the less drastic remedy of . . . a 'leave of court' requirement." *In re Martin-Trigona*, 9 F.3d at 229. This requirement went unheeded as Plaintiff continued to file numerous meritless civil actions in this court, bombarding the Clerk's Office email system with frivolous filings. This email system, which was created by the Clerk's Office for *pro se* parties to access

3

the court more easily, cannot handle the filings of a vexatious litigant. Countless hours have been spent treating Plaintiff's frivolous email attachments as new civil actions. This process must come to an end.

Because the previous filing restriction failed to deter Plaintiff's continued frivolous and vexatious litigation, a more specific and procedurally demanding remedy is required. *See id.* at 228. Plaintiff's frivolous and vexatious litigation is not limited to a specific category or categories of claims. Thus, the Court must proceed to a more robust type of filing restriction.

Accordingly, the Court directs Plaintiff to show cause in writing, within 10 days of the date of this order, why the Court should not enter an order requiring Plaintiff to seek permission to file any new action he seeks to file in this court. To seek permission, Plaintiff must:

1. Submit his proposed complaint together with a motion titled "Motion for Leave to File" that explains why he should be permitted to file the new action or proceeding and why this Court is a proper venue for the action or proceeding;

2. attach a copy of the order that imposes the filing restrictions;

3. include either (a) the full filing fees or (b) a request to proceed without prepayment of fees; and

4. include a statement, made under penalty of perjury, stating that the claims are not frivolous or made in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.[2]

---

[2] Judges of this court have imposed this same restriction in prior cases. *See, e.g., Frost v. NYPD*, No. 20-CV-0417 (CM) (S.D.N.Y. Feb. 14, 2020); *Calvino v. D.E.A.*, No. 20-CV-0649 (CM), 2020 WL 527910, at *3 (S.D.N.Y. Jan. 31, 2020).

Within 10 days of the date of this order, Plaintiff must submit to this Court a written declaration setting forth good cause why the Court should not impose these filing restrictions upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why these filing restrictions should not be imposed, the above filing restrictions will be imposed. The Court will further direct the Clerk of Court not to open as new civil actions Plaintiff's submissions that do not comply with the above filing restrictions. Any filings that Plaintiff submits that do not comply with the above filing restrictions will be discarded.

### CONCLUSION

The Court denies Plaintiff leave to file this new action, which consists of 18 new complaints emailed to the court. The Court directs the Clerk of Court to terminate all pending motions in this action.

The Court also directs Plaintiff to show cause, within 10 days of the date of this order, why the Court should not impose the above filing restriction. A declaration form is attached to this order.

If Plaintiff fails to comply with this order within the time allowed, or fails to show cause, the above filing restrictions will be imposed. The Court will further direct the Clerk of Court not to open as new civil actions Plaintiff's submissions that do not comply with the above filing restrictions. Any filings that Plaintiff submits that do not comply with the above filing restrictions will be discarded.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

5

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    February 27, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____

Name                          Prison Identification # (if incarcerated)

_____

Address                    City                    State        Zip Code

_____

Telephone Number (if available)        E-mail Address (if available)