UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIYAO ZHANG,

                           Plaintiff,

-against-

888 BOOTH MEMORIAL LAUNDROMAT, et al.,

                           Defendants.

26-CV-1076 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On February 27, 2026, the Court dismissed the action for failure to comply with this Court's June 9, 2026 bar order issued in *Jiang v. North Shore Univ. Hosp.*, No. 25-CV-3814 (LTS) (S.D.N.Y. June 9, 2025). The Court also ordered Plaintiff, within ten days, to show cause why the Court should not enter a second bar order that would add additional requirements with which Plaintiff would need to comply before filing a new civil action *in forma pauperis* ("IFP").

Plaintiff did not respond to the Court's February 27, 2026 order. Accordingly, the bar order shall issue.

## CONCLUSION

The Court hereby bars Plaintiff from filing future civil actions IFP in this court without first seeking permission from the court for leave to file. *See* 28 U.S.C. § 1651. To seek permission, Plaintiff must:

1. submit his proposed complaint together with a motion titled "Motion for Leave to File" that explains why he should be permitted to file the new action or proceeding and why this Court is a proper venue for the action or proceeding;

2. attach a copy of the order that imposes the filing restrictions;

3. include either (a) the full filing fees or (b) a request to proceed without prepayment of fees; and

4. include a statement, made under penalty of perjury, stating that the claims are not frivolous or made in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

The Court directs the Clerk of Court not to open as new civil actions Plaintiff's submissions that do not comply with the above filing restrictions. Any filings that Plaintiff submits that do not comply with the above filing restrictions will be discarded.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    March 30, 2026
          New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge

2